ORIGINAL

# In the United States Court of Federal Claims

No. 13-346C
Filed: May 2, 2014

FILED
MAY 2 2014
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * *

HERMAN LEON BRICKEY,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

* * * * * * * * * * * * * * * * *

Pro Se Plaintiff; Motion to Dismiss; Lack of Subject Matter Jurisdiction; 28 U.S.C. § 1495; 28 U.S.C. § 2513; Torts; In Forma Pauperis; 28 U.S.C. § 1915.

Herman Leon Brickey, San Antonio, TX, pro se.

Tanya B. Koenig, Trial Attorney, Commercial Litigation Breach, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With her were Robert E. Kirschman, Jr., Director, Commercial Litigation Branch, and Stuart F. Delery, Assistant Attorney General, Civil Division, Department of Justice.

## ORDER

**HORN, J.**

Pro se plaintiff Herman Leon Brickey filed what he identified as an "ADMINISTRATIVE TORT CLAIM NO. TRT-SCR-2012-03822"[1] in the United States Court of Federal Claims, although he titled and referred to his complaint as filed "IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION." Plaintiff's two page, handwritten complaint is styled as a letter to a judge, albeit with the caption typical of a complaint. Based on the attachments included with plaintiff's complaint, it appears that on October 16, 2012, plaintiff filed a complaint in the United States District Court for the Western District of Texas, San Antonio Division, alleging that he was wrongfully imprisoned "FOR RELIGIOUS FREEDOM" in federal prisons in Oklahoma and Texas. Plaintiff states that he "WANT[S] $50,000.00 FOR PUNITIVE DAMAGES AND MENTAL ANGUISH I HAVE

---

[1] Capitalization, grammar and spelling are as they appear in the documents submitted by Mr. Brickey. Mr. Brickey's handwritten complaint concludes with the post script: "I AM SORRY I DON'T KNOW HOW TO TYPE OR USE A COMPUTER OR KNOW HOW TO USE ONE, PLEASE FORGIVE ME FOR THIS, AND I HOPE COURT WILL ALLOW MY CASE TO BE HEARD. THANK YOU, YOUR HONOR, SIR !"

SUFFERED THRU 45 YRS OF MENTAL ANGUISH, TURNED DOWN MANY TIMES FOR JOBS AS BEING A FELON !" Plaintiff adds:

> MY TOTAL OWED ME IS $74,640.00. I AWAIT MY JUST PAYMENT FROM UNITED STATES GOVERNMENT FOR WRONGFUL IMPRISONMENT. I AM OWED RIGHTFUL PAYMENT, AND HOPE JUSTICE WILL BE GRANTED ME, SOMETHING ?

Plaintiff's October 16, 2012 complaint filed in the United States District Court for the Western District of Texas was dismissed "without prejudice for lack of jurisdiction." See Herman Leon Brickey v. United States, Case No. 5:12-CV-00991 (W.D. Tex. Mar. 19, 2013).[2]

Plaintiff attached multiple documents to his complaint filed in this court. One such document is a May 17, 2013 letter addressed to "Your Honor," apparently intended for a judge of this court. In the May 17, 2013 letter plaintiff states that he "tried to get Justice and compensation for wrongful Imprisonment. Two Judges here in San Antonio Federal Court said they Lacked Jurisdiction, Judge Primomo stated in his Legal document, a Federal Claim Judge has jurisdiction." Plaintiff adds:

> I should at least be paid minimum wages for my hours I have figured out and is Just for wrongful imprisonment.

Plaintiff continues:

> I sent a letter to the Federal Court here to a Federal Claim Judge to Forward to him, I called several days, later to Clerks [sic] Office and they said they put my letter in the Files and closed my case and did not Forward my letter to a Federal Claim Judge, this is Not Justice. I am 68 yrs old 3-1-45 on Disability, I Hope you will pay me some compensation.

As another attachment to the complaint, plaintiff submitted a photocopy of a March 12, 2008 "Certificate of Pardon Issued to Herman Leon Brickey," pursuant to a Proclamation of Pardon, dated January 21, 1977, issued by President Jimmy Carter. The photocopy of the Certificate of Pardon submitted with plaintiff's complaint is cut off

---

[2] Judge Xavier Rodriguez, when dismissing plaintiff's case filed in the United States District Court for the Western District of Texas, adopted a memorandum and recommendation signed by a United States Magistrate Judge, John W. Primomo, who concluded that, "only the Court of Federal Claims has jurisdiction" over Mr. Brickey's complaint "to recover damages sustained during his imprisonment in the 1960s pursuant to a conviction for which he received a pardon in 1977 from then-President Jimmy Carter."

2

on the right hand margin, making certain words difficult to read. The photocopy of the Certificate of Pardon appears to grant Mr. Brickey a pardon from his conviction for violation of the Military Selective Service Act "irrespective of the dat [sic] of any offense against the United States of America . . . ."

Plaintiff's complaint in this court was filed without the requisite filing fee, or a motion to proceed in forma pauperis. Instead, Mr. Brickey attached the Application to Proceed in Forma Pauperis he had previously filed in the United States District Court for the Western District of Texas case. In plaintiff's October 16, 2012 Application to Proceed in Forma Pauperis submitted to the United States District Court for the Western District of Texas, plaintiff indicated that he had been unemployed since August 1999. He indicated his only sources of income were a social security supplement, social security disability and food stamps. He also claimed he did not have any cash on hand or money in a savings or checking account. He noted that he had a 1998 Mercury Marquis with 230,000 miles with an estimated value of $500.00. He stated on his Application that he "CAN BARELY AFFORD GAS FOR MY CAR, AS I NEED IT TO GO TO STORE AND DOCTORS OFFICE."

In response to plaintiff's complaint, defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) (2013), or, in the alternative, RCFC 12(b)(6), for failure to state a claim upon which relief can be granted. Defendant argues that plaintiff's complaint, which defendant construes as "one for compensation based upon unjust conviction and imprisonment pursuant to 28 U.S.C. § 1495 and 28 U.S.C. § 2513," does not comply with the statutory requirements specified in 28 U.S.C. § 2513,[3] and, therefore, should be dismissed. To date, plaintiff has not responded to the

---

[3] Specifically, 28 U.S.C. § 2513 states:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any

3

government's motion to dismiss, although plaintiff has been allotted more time than provided for under the court's Rules.

## DISCUSSION

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.""" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285,

---

> State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> **(b)** Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.
>
> **(c)** No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after applicant had exhausted all recourse to the courts and that the time for any court to exercise its jurisdiction had expired.
>
> **(d)** The Court may permit the plaintiff to prosecute such action in forma pauperis.
>
> **(e)** The amount of damages awarded shall not exceed $100,000 for each 12-month period of incarceration for any plaintiff who was unjustly sentenced to death and $50,000 for each 12-month period of incarceration for any other plaintiff.

28 U.S.C. § 2513 (2006) (emphasis in original). Section 1495 of title 28, referenced in 28 U.S.C. § 2513, provides: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495 (2006).

4

293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise sua sponte, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S.

975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Centr. Pines Land Co., L.L.C. v. United States, 697 F.3d 1360, 1364 n.1 (Fed. Cir. 2012) ("An objection to a court's subject matter jurisdiction can be raised by any party or the court at any stage of litigation, including after trial and the entry of judgment."); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1346 ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2014); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, No. 2012-5104, 2014 WL 1394969 (Fed. Cir. Apr. 11, 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor.

See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (Supp. V 2011). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States. . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F. 3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United

7

States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims

8

premised on other sources of law (*e.g.*, statutes or contracts).")." "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

Although the complaint does not include a caption with the court's name and, therefore, Mr. Brickey's complaint is not in compliance with the form prescribed in RCFC 10(a),[4] this court recognizes that pro se plaintiffs should be afforded liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. at 520-21. Given this more liberal approach, and given the instruction by the United States District Court for the Western District of Texas directing plaintiff to this court, as well as plaintiff's May 17, 2013 letter attached to his complaint in this court referencing a "Federal Claims Judge," the pro se plaintiff has sufficiently identified this court as the place plaintiff intended to ask for review of his complaint.

Mr. Brickey's alleged wrongful imprisonment claim, however, does not fall within the jurisdiction of this court. According to 28 U.S.C. § 1495, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. Section 1495 of title 28, therefore, "must be read in conjunction with 28 U.S.C. § 2513." Humphrey v. United States, 52 Fed. Cl. 593, 596 (2002), aff'd, 60 F. App'x 292 (Fed. Cir. 2003) (citations omitted). As quoted above, 28 U.S.C. § 2513 requires that a plaintiff suing under 28 U.S.C. § 1495, "must allege and prove" that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted . . . or that he has been pardoned upon the stated ground of innocence and unjust conviction," and, that "[h]e did not commit any of the acts charged." 28 U.S.C. § 2513(a). In Humphrey, this court indicated, "[t]hese jurisdictional requirements [of 28 U.S.C. § 1495 and 28 U.S.C. § 2513] are strictly construed, and a heavy burden is placed upon a claimant seeking relief under such provisions." Humphrey v. United States, 52 Fed. Cl. at 596. Additionally, as noted in Sykes v. United States, 105 Fed. Cl. 231 (2012), "a certificate or pardon must 'either explicitly or by factual recitation' state that the plaintiff has satisfied the requirements of Section 2513." Id. at 233 (quoting Humphrey v. United States, 52 Fed. Cl. at 597). Plaintiff, however, has not alleged that his conviction was set aside or reversed because he had not committed, or was not guilty of, the acts underlying his original conviction. Furthermore, Mr. Brickey has not alleged, nor has he demonstrated, based on the documents currently before this court, that he has been pardoned on the "ground of

---

[4] RCFC 10(a) states, in part: "[e]very pleading must have a caption with the court's name, a title, a file number, and a RCFC 7(a) designation." RCFC 10(a) (2013).

innocence and unjust conviction." Plaintiff's photocopy of the Certificate of Pardon, attached to the complaint, although partially cut off on the right margin, making a few words only partially legible, indicates that Mr. Brickey, "who was convicted, irrespective of the dat [sic]. . . of any offense against the United States of America committed between August 4, 1964 and . . . in violation of the Military Selective Service Act or any rule or regulation promulgated t [sic] . . . pardoned by the Proclamation of Pardon of January 21, 1977." Nowhere does the photocopy of the Certificate of Pardon state that Mr. Brickey was pardoned because he was found innocent of the acts for which he was charged or unjustly convicted. The photocopy of the affidavit by the Pardon Attorney Ronald L. Rodgers, included with the photocopy of the Certificate of Pardon, to certify that the copy included is a "true and accurate copy" of the Certificate of Pardon, only states that the copy is a "record of executive clemency." Although plaintiff alleges in his complaint "WRONGFUL IN PRISONMENT FOR RELIGIOUS FREEDOM," he does not allege he did not commit any of the unnamed acts charged for which he was convicted. In fact, plaintiff never identifies why he was imprisoned. Therefore, plaintiff's attached photocopy of the Certificate of Pardon does not comply with the requirements set forth in 28 U.S.C. § 2513, and cannot be a basis for jurisdiction in this court to review his claims arising from his alleged wrongful imprisonment.[5]

---

[5] In determining that this court lacks jurisdiction over plaintiff's complaint because plaintiff did not comply with 28 U.S.C. § 2513, the court notes two recent unreported Federal Circuit decisions which address lack of jurisdiction pursuant to 28 U.S.C. § 2513. See Winston v. United States, 465 F. App'x 960, 961-62 (Fed. Cir. 2012) ("The Claims Court does have limited jurisdiction over unjust imprisonment claims under 28 U.S.C. § 1495. However, in order for the court to hear such claims, a plaintiff must 'allege and prove' that his conviction was: 'reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction . . . .' 28 U.S.C. § 2513(a). Mr. Winston, however, is still incarcerated and his conviction has not been reversed or set aside. Therefore, the Claims Court lacked jurisdiction to hear his claim for unjust imprisonment.") (modification in original) and Johnson v. United States, 411 F. App'x 303, 306 (Fed. Cir. 2010) (affirming the Court of Federal Claims decision to dismiss plaintiff Johnson's complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted), reh'g denied (Fed. Cir. 2011). In Johnson, the Federal Circuit indicated that "[t]he court correctly determined that Johnson did not and could not allege that his conviction was reversed or set aside on the grounds of innocence or pardon, as § 2513 requires. Even when construed in Johnson's favor, the facts alleged do not suggest that Johnson's conviction was reversed or set aside on the ground that he is not guilty, that Johnson was found not guilty in a new trial, or that Johnson was pardoned upon the stated ground of innocence and unjust conviction. See 28 U.S.C. § 2513 (2006). Accordingly, the Court of Federal Claims correctly held that amendment

Moreover, to the extent that plaintiff requests compensation for a tortious act as the basis for his complaint, as he alleged his case is an "ADMINISTRATIVE TORT CLAIM NO. TRT-SCR-2012-03822," the Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims.[6] See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Sellers v. United States, 110 Fed. Cl. 62, 66 (2013); Kalick v. United States, 109 Fed. Cl. 551, 558, aff'd, 541 F. App'x 1000 (Fed. Cir. 2013); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. dismissed, 132 S. Ct. 1105 (2012); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885

---

of Johnson's complaint would not cure its jurisdictional deficiency." Johnson v. United States, 411 F. App'x at 306 (internal citation omitted); see also Wood v. United States, 91 Fed. Cl. 569, 578 (2010). The court notes, however, that a 2012 decision of this court indicated that a claim premised upon 28 U.S.C. § 1495 and 28 U.S.C. § 2513 should be dismissed under RCFC 12(b)(6), for failure to state a claim upon which relief can be granted. See Sykes v. United States, 105 Fed. Cl. at 234. In Mr. Brickey's case, even if this court were to determine it had jurisdiction over plaintiff's complaint pursuant to 28 U.S.C. § 1495, Mr. Brickey's case, nevertheless, would be dismissed for failure to state a claim upon which relief can be granted, as he fails to allege, or comply with, the requirements of 28 U.S.C. § 2513.

[6] Also among the documents attached by plaintiff to the submission filed in this court is a May 17, 2012 letter from Jason A. Sickler, Regional Counsel from the "**U.S. Department of Justice**, Federal Bureau of Prisons, *South Central Regional Office*," denying plaintiff's claims for "settlement under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, and authority granted by 28 C.F.R. § 0.172," for "compensation for lost wages" plaintiff "allegedly sustained at the Federal Correctional Institution (FCI) in El Reno, Oklahoma and FCI Seagoville during the late 1960s." (emphasis in original). Mr. Sickler explained that, "[t]here is no indication that you sustained any injury caused by the negligent or wrongful act or omission of any Bureau of Prisons employee acting within the scope of his or her employment." Mr. Sickler continued that "pursuant to 28 U.S.C. 2401(b) a tort claim against the United States is forever barred unless it is presented to the appropriate federal agency with [sic] two years after such claims accrues. Therefore your claim is denied."

11

(Fed. Cir.), reh'g denied (Fed. Cir. 2006). Therefore, this court does not have jurisdiction over plaintiff's tort claim.

As indicated above, the plaintiff did not pay the filing fee required to commence proceedings before the court. In order to provide access to this court to those who cannot pay the filing fees mandated by RCFC 77.1(c) (2013), the statute at 28 U.S.C. § 1915 (2006) permits a court to allow plaintiffs to file a complaint without payment of fees or security, under specific circumstances. The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and, therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217-18 (1993); Fuentes v. United States, 100 Fed. Cl. 85, 92 (2011). In Fiebelkorn v. United States, the United States Court of Federal Claims indicated:

> [T]he threshold for a motion to proceed in forma pauperis is not high: The statute requires that the applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "unable to pay such fees" means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.

Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Hayes v. United States, 71 Fed. Cl. 366, 369 (2006). Although not included as a separate motion to proceed in forma pauperis, Mr. Brickey attached to his complaint a copy of the Application to Proceed in Forma Pauperis he had previously submitted to the United States District Court for the Western District of Texas. Recognizing the plaintiff's pro se status, the court accepts the previously submitted Application to Proceed in Forma Pauperis as a motion to proceed in forma pauperis in this court. Although plaintiff's income level and absence of savings may qualify him for in forma pauperis status, as discussed and determined above, plaintiff's complaint is dismissed for lack of jurisdiction in this court.

## CONCLUSION

Because plaintiff fails to comply with the statutory requirements of 28 U.S.C. § 2513, plaintiff's complaint is **DISMISSED**, without prejudice. The Clerk of Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

MARIAN BLANK HORN
Judge